**AGREED-UPON REDACTED COPY**
**—MAY BE MADE PUBLIC**

**THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| OTI AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | : | Civil Action No. 06-00571<br>(Judge Lettow) |

# COMPLAINT

This is a bid-protest action in which Plaintiff OTI America, Inc. ("OTI") complains of the procurement practices of the United States, by and through the Government Printing Office ("GPO"), the procuring agency, with assistance from the National Institutes of Standards and Technology ("NIST"), which led to OTI's elimination from a competitive procurement process involving the government's Electronic Passport program. OTI seeks the following: (1) a declaration that GPO acted unreasonably and contrary to law and regulations when it eliminated OTI as the GPO's action (a) lacked a rational basis, (b) relied on an undisclosed selection criterion, (c) was the result of unequal treatment; and (d) was based on an incorrect technical evaluation; (2) an injunction requiring GPO to reinstate OTI into the selection process; and (3) an award of OTI's bid preparation and proposal costs.

## Parties

1. Plaintiff OTI America, Inc. is a Delaware corporation, with its principal offices in Fort Lee, New Jersey.

2. Defendant is the United States, acting through the GPO.

## Jurisdiction

3. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1491(b).

## Nature of the Case

4. Disappointed offerors on federal government procurements are statutorily entitled to challenge the government's award decisions through a bid protest filed at the United States Court of Federal Claims. 28 U.S.C. § 1491(b).

5. The Court reviews the government's decision under the standards in the Administrative Procedure Act (APA), 5 U.S.C. § 706, which directs the reviewing court to overturn agency actions that are arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. Under the APA, a bid award may be set aside if the procurement official's decision lacked a rational basis, or if the procurement procedure involved a violation of regulation or procedure and the plaintiff shows that it was prejudiced by the violation.

6. [ ]

7. [ ]

8. [ ]

**AGREED-UPON REDACTED COPY**
**—MAY BE MADE PUBLIC**

## Facts

### *GPO's Solicitation for Offers*

9. In June 2004, GPO issued Solicitation for Offers EP-2004 (the "Solicitation"). The Solicitation called for proposals to provide electronic, integrated circuit-embedded passport covers. While the GPO is the procuring agency, these covers will eventually be used as part of the electronic passport system of the United States Department of State (the "DoS").

10. [ ]

11. [ ]

12. OTI's proposal, which it submitted to the GPO on August 12, 2004, satisfied all of the Solicitation's mandatory requirements.

### *The GPO's Elimination of OTI and Prior Protests*

13. Despite OTI's satisfaction of the Solicitation's mandatory requirements, on October 11, 2004, the GPO notified OTI that it had not been selected for award.

14. Because the GPO's conduct violated a number of procurement statutes and regulations, OTI timely filed a protest with the Government Accountability Office ("GAO") (the "First Protest"). As a result, the GPO was required by statute to stay performance of any contract it awarded pursuant to the Solicitation.

15. On December 3, 2004, the GPO sent a letter to GAO overriding the automatic stay.

16. OTI sent to the Court, GPO, and the Department of Justice (the "DOJ") a notice of intent to file an action in the Court of Federal Claims challenging GPO's stay-override.

**AGREED-UPON REDACTED COPY**
**—MAY BE MADE PUBLIC**

17. DOJ assigned an attorney to the matter. Within days of DOJ's involvement, GPO reversed itself and decided to award OTI a contract for the subsequent stage of the competition. As a result, OTI withdrew the First Protest.

18. On May 18, 2005, two days after OTI had received assurances from GPO, GPO notified OTI that it had been eliminated from the competition.

19. Thus, despite the exceptionally high quality of OTI's product - according to those who were responsible for testing - and despite the judgment of GPO's own Project Manager, GPO opted to eliminate OTI from consideration.

20. On August 26, 2005, OTI filed a bid protest in the United States Court of Federal Claims asserting that GPO's elimination was made on unreasonable and undisclosed evaluation criteria and that GPO had treated contractors unequally.

21. On November 30, 2005, this Court (Lettow, J.) issued an Opinion and Order Under Seal (and reissued the opinion and order not under seal December 7, 2005). See OTI America, Inc. v. United States, 68 Fed. Cl. 646 (2005).

22. The Court found that "there were errors in GPO's procurement of electronic passport covers that materially prejudiced OTI. Applying 28 U.S.C. § 1491(b)(2), the Court orders a limited measure of equitable relief, requiring that GPO reinstate OTI and resume testing OTI's products at the same contractual state at which OTI was previously and improperly eliminated." Id. at 647.

23. The Court found that "contrary to the government's contention, the Evaluation Rules appear to have been applied by GPO in a binding manner against OTI in determining whether it should be eliminated from consideration at future states . . . [t]he Evaluation Rules were neither set out in the Solicitation nor separately provided to the parties." Id. at 655.

24. The Court held that "during the testing states of the procurement, GPO applied the Evaluation Rules inconsistently to products supplied by multiple contractors, including OTI . . . the administrative record demonstrates that GPO did not apply its evaluation criteria in an even-handed and fair way. The record provides an inadequate explanation as to the rationale underlying GPO's termination of OTI while keeping other contractors in the competition despite repeated and ostensibly comparable test failures with their products." Id. at 657. Given the GPO's prior conduct, there should be no presumption of regularity by the GPO.

25. As well as the GPO disparately treating competing contractors, the GPO abused its discretion that "GPO's contracting officer did not apply the discretion she possessed under the Evaluation Rules." Id. at 658.

***The Production Portion of the Procurement***

26. [

]

27. [

]

28. [

]

29. [

].

***OTI Is Eliminated From the Competition Again***

30. On July 26, 2006, GPO notified OTI that it had been eliminated from the competition.

31. [

]

32. [

]

33. [

]

34. [

]

### *The Load Modulation Test*

35. [

]

36. [

]

37. [

]

38. [

]

39. [

]

40. [

]

41. [

]

42. [ ]

43. [ ]

*The ICAO Interoperability Test Conference*

44. [ ]

45. [ ]

46. [ ]

47. [ ]

48. [ ]

**AGREED-UPON REDACTED COPY —MAY BE MADE PUBLIC**

49. [ ]

50. [ ]

### *NIST Durability Tests*

51. [ ]

52. [ ]

53. [ ]

54. [ ]

55. [ ]

56. [ ]

## <u>Count One</u>

### Declaratory Judgment

57. OTI incorporates herein the allegations set forth in ¶¶ 1-56 above.

58. GPO improperly eliminated OTI from competition for electronic-passport covers. OTI's action was improper because it (1) lacked a rational basis, (2) relied on an undisclosed selection criterion, (3) was the result of unequal treatment; and (4) was based on an incorrect

technical evaluation. This conduct was contrary to law, arbitrary, capricious, and an abuse of discretion.

59. OTI was prejudiced by GPO's improper and illegal conduct.

60. The dispute between OTI and the government is an actual, real, and substantial controversy that is justiciable by this Court under 28 U.S.C. § 1491(b) and RCFC 57.

61. OTI has been and continues to be harmed by GPO's conduct.

62. OTI is entitled to a declaration that GPO's elimination of OTI lacked a rational basis, was contrary to law, was arbitrary, capricious, an abuse of discretion and is of no force and effect.

**Count Two**

**Injunctive Relief**

63. OTI incorporates herein the allegations set forth in ¶¶ 1-62 above.

64. OTI has been and continues to be harmed by GPO's conduct.

65. Because, for the reasons stated herein, OTI was improperly eliminated from GPO's procurement process, OTI is entitled to an injunction ordering GPO to reinstate OTI into the process.

66. Additionally, OTI would suffer additional and irreparable harm were the procurement to proceed in its absence, whereas a delay in the procurement for the purpose of permitting this Court to adjudicate this matter would not unduly prejudice the government. Therefore, OTI is further entitled to a preliminary injunction halting the procurement process that is the subject of this Complaint, until OTI's status is determined by this Court.

WHEREFORE, Plaintiff OTI respectfully requests that the Court enter an order providing the following relief:

**AGREED-UPON REDACTED COPY
—MAY BE MADE PUBLIC**

(a) suspend production trials and all other activities of the United States related to the solicitation and procurement that is the subject of this Complaint, until this Court enters final judgment in this matter;

(b) declare that GPO's elimination of OTI lacked a rational basis was contrary to law, was arbitrary, capricious, an abuse of discretion, and is of no force and effect;

(c) grant a permanent injunction ordering GPO to pass OTI on to the next contract stage or to reinstate OTI into the procurement process that is the subject of this Complaint;

(d) award OTI its bid preparation and proposal costs;

(e) award OTI its attorneys' fees and expenses; and

(f) award OTI such other and further relief as is equitable and just.

Respectfully submitted,

OTI AMERICA, INC.
By its attorneys,

August 22, 2006

/s/ William Weisberg
William M. Weisberg
SULLIVAN & WORCESTER LLP
1666 K Street, NW
Washington, DC 20006
(202) 775-1200
(202) 293-2275 (fax)

*Counsel of Record for Plaintiff OTI America, Inc.*

Beth L. Jacobson
Joyce L. Tong
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(617) 338-2872
(617) 338-2880 (fax)

*Of Counsel for Plaintiff OTI America, Inc.*