**THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

OTI AMERICA, INC.,

Plaintiff,

v.

UNITED STATES,

Defendant.

Civil Action No. 06-571-C
(Judge Lettow)

# PLAINTIFF OTI AMERICA, INC.'S MEMORANDUM IN SUPPORT OF ITS EMERGENCY MOTION FOR LEAVE OF COURT TO SUPPLEMENT THE UNITED STATES' SUPPLEMENTATION OF THE ADMINISTRATIVE RECORD AS IT IS INCOMPLETE

Electronically filed on
September 25, 2006

William M. Weisberg
SULLIVAN & WORCESTER LLP
1666 K Street, NW
Washington, DC 20006
(202) 775-1200
(202) 293-2275 (fax)

*Counsel of Record for Plaintiff OTI America, Inc.*

Beth L. Jacobson
Joyce L. Tong
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(617) 338-2800
(617) 338-2880 (fax)

*Of Counsel for Plaintiff OTI America, Inc.*

# TABLE OF CONTENTS

Page

I. BACKGROUND ... 2

II. STANDARD OF REVIEW ... 3

III. ARGUMENT ... 5

A. This Court Should Allow OTI's Requested Supplementation To Ensure Fair Adjudication of OTI's Claims, and Explain Significant Gaps and Silences in the AR As to Certain Issues. ... 6

B. OTI's Narrowly Tailored Requests to Supplement the Record Would Not Unduly Delay These Proceedings. ... 7

IV. CONCLUSION ... 8

**THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | |
|---|---|
| OTI AMERICA, INC., Plaintiff, v. UNITED STATES, Defendant. | Civil Action No. 06-571-C (Judge Lettow) |

**PLAINTIFF OTI AMERICA, INC.'S MEMORANDUM IN SUPPORT OF ITS EMERGENCY MOTION FOR LEAVE OF COURT TO SUPPLEMENT THE UNITED STATES' SUPPLEMENTATION OF THE ADMINISTRATIVE RECORD AS IT IS INCOMPLETE**

Plaintiff, OTI America, Inc. ("OTI"), by its undersigned attorney, submits this memorandum in support of its Emergency Motion for Leave of Court to Supplement the United States' Supplementation of the Administrative Record ("Motion") in the above-captioned case on the basis that the Administrative Record ("AR") is incomplete and inadequate and, thus, must be supplemented with the following standards pursuant to the plain language of the Solicitation: (1) the International Electrotechnical Commission ("IEC") (a standard in place since 2001 which NIST used for the Electrostatic Discharge Test); and (2) updated international standards as set forth by the International Civil Aviation Organization ("ICAO") (these updates relate to and contain standards for load modulation, impact testing and bend testing) and the International Organization for Standardization ("ISO"). These items are required so OTI may adequately present its case and for effective judicial review. This Memorandum is supported by the Affidavit of Joyce L. Tong, Esq. ("Tong Aff.") with exhibits attached thereto, filed herewith.

## I. BACKGROUND

The Solicitation requires that competitors for the ePassport final production order be in compliance with the most up-to-date international standards. Administrative Record 2005[1] ("AR 2005") at 36 n. 1 ("Latest versions of most of these [standards] are available at http://www.icao.int/mrtd/Home/Index.cfm. Those not yet publicly available will be provided."). Albertha Broadnax ("Broadnax"), the Contracting Officer ("CO"), confirmed this at her deposition. Broadnax Deposition 14:11-15:3 (Sept. 11, 2006).

At the September 6, 2006 Hearing, the Court requested that the Government "gather a copy of the ICAO and the ISO standards" and provide them to the Court to make them part of the record in this case. Hr'g Tr. at 61:12-62:13 (Sept. 6, 2006). At the September 11, 2006 deposition of Broadnax, the Government requested that OTI provide it with a copy of all the relevant standards as the Government could not readily locate the standards for the Court. That night, at 8:30 P.M., OTI's counsel provided the Government, via email, with all the relevant standards that it had available. See Tong Aff. at ¶ 3, Exhibit A. The next day, OTI's counsel asked the Government, while providing a courtesy copy of a pleading filed with court, whether it would be filing the ISO/ICAO standards that day, as the Court had requested of the Government. The Government responded "no." See Tong Aff. at ¶ 4, Exhibit B (Email of September 12, 2006 from Richard Evans to Beth Jacobson). Later that week, on Friday, September 15, 2006, (after OTI had filed its Motion for Judgment on the AR), the Government, by phone, again requested that OTI's counsel check and make sure that OTI had provided all relevant standards to the Government as it apparently still could not locate certain standards for the Court. See Tong Aff. at ¶ 5. By email, the same day, OTI's counsel responded that it had provided the Government

[1] The Administrative Record from OTI Am., Inc. v. United States, 68 Fed. Cl. 646 (2005) has been incorporated into the AR of this current bid protest per order of this Court.

with all relevant standards on September 11 and 12, 2006 that it could readily find. See Tong Aff. at ¶ 6, Exhibit C.

By letter dated September 19, 2006 to William Weisberg, the Government stated that it still could not locate certain ISO/ICAO documents that the Solicitation required. See Tong Aff. at ¶ 7, Exhibit D. Furthermore, the Government stated that the documents that OTI provided it were not listed in the Solicitation and therefore were irrelevant and would not be included in the filing. OTI responded to the Government's request and explained that the Solicitation required contractors to be in compliance with the most up-to-date standards. See Tong Aff. at ¶ 8, Exhibit E (OTI's September 20, 2006 Response to Richard Evans' letter). On September 19, 2006 (13 days after the Court's request and 5 days after Motions for Judgment on the AR were filed), the Government filed some standards, but not all with the Court (despite OTI's providing the Government with additional relevant standards), thus, making the record in this case incomplete. See Tong Aff. at ¶ 9, Exhibit F (a chart setting forth the Government's recent submission of standards to the AR indicating in bold what OTI seeks to supplement).

## II. STANDARD OF REVIEW

This Court has the discretion to permit supplementation of the AR. Such supplementation is necessary: (1) to help explain the agency's decision and facilitate meaningful judicial review; (2) to add relevant information that by its very nature would not be found in the agency record, information relied upon but omitted from the record, or content of conversations; and (3) to explain post-hoc rationalizations of a basis for the agency action. See Orion Int'l Techs. v. United States, 60 Fed. Cl. 338, 343-45 (2004) (granting limited discovery); Gulf Group, Inc. v. United States, 61 Fed. Cl. 338, 347 (2004) (holding that limited discovery was warranted).

Although the reviewing Court should focus on the "contemporaneous" record made at the time the agency's action was taken, the Court has the power, and sometimes the obligation, to require further explanation of an agency's decision for meaningful judicial review. See Camp v. Pitts, 411 U.S. 138, 142 (1973) (if failure to explain AR would frustrate effective judicial review, may obtain testimony from agency); see also Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324 (Fed. Cir. 2001); Comprehensive Health Servs. v. United States, 70 Fed. Cl. 700, 719-20 (2006) (supplementation of the AR is appropriate if the AR does not contain sufficient information for the court to make a decision; there is no "iron-clad rule" limiting the court's review to the AR).

In a bid protest case, supplementation of the record is appropriate and required for meaningful judicial review if the contracting officer took into account information beyond that in the AR. See OTI Am., Inc. v. United States, 68 Fed. Cl. 108, 118 (2005); see also Asia Pac. Airlines v. United States, 68 Fed. Cl. 8 (2005); J.C.N. Constr. Co. v. United States, 60 Fed. Cl. 400, 404-05 n.8 (2004), aff'd, 2005 U.S. App. LEXIS 3831 (Fed. Cir. 2005) (granting limited depositions). "The administrative record is supposed to reflect the information available to the decision maker at the time the challenged decisions were made." Arch Chems., Inc. v. United States, 64 Fed. Cl. 380, 385 (2005). Deposition testimony may be the most efficient way to proceed because the depositions "may enable the Court to satisfy its statutory duty to give due regard to the need for expeditious resolution of the action." Asia Pac., 68 Fed. Cl. at 18-19 (granting supplementation of record as rationale of those who made decision to terminate was not apparent from the AR), citing Bannum, Inc. v. United States, 404 F.3d 1346, 1356 (Fed. Cir. 2005), quoting 28 U.S.C. § 1491(b)(3); see also Citizens to Preserve Overton Park, 401 U.S. at

420 (testimony of officials who participated in decision may be the only way for effective judicial review).

The agency decision, though entitled to a presumption of regularity, may be rebutted by evidence in the record that the decision was arbitrary or capricious. OTI Am., Inc., 68 Fed. Cl. 108. The burden rests on the plaintiff to show more than "innuendo or suspicion." Orion Int'l, 60 Fed. Cl. at 344. OTI need not prove its ultimate case at this stage, but must simply point to evidence "suggesting that the agency decision is arbitrary and capricious." Impresa, 238 F.3d at 1338. Here, OTI has met this burden and is entitled to supplement the AR with updates to the standards set forth by ICAO, IEC and ISO.

## III. ARGUMENT

Inadequacies in the AR make limited supplementation of the AR necessary to a fair adjudication of this dispute. The supplementation of the AR submitted by the Government per this Court's request is still incomplete in areas that are relevant, material, and essential for a judicial determination. See Tong Aff., ¶ 9. For fair consideration of its claims, OTI seeks supplementation of the AR with (1) the International Electrotechnical Commission ("IEC") standard on Electrostatic discharge immunity test (a standard in place since 2001 which NIST used for the Electrostatic Discharge Test) and (2) updated international standards as set forth by the International Civil Aviation Organization ("ICAO") (these updates relate to and contain standards for load modulation, impact testing and bend testing) and the International Organization for Standardization ("ISO"). Specifically, OTI seeks to submit as part of the standards set forth in the Solicitation: (1) submission of the ICAO draft Technical Report entitled "Durability of Machine Readable Passports" ("ICAO Durability Technical Report"); (2) submission of the ICAO Technical Report entitled "Tests for Air Interface, Initizlisation,

Anticollision and Transport Protocol" ("ICAO RF Test Standard"); (3) submission of the IEC Standard 61000-4-2: Testing and measurement techniques – Electrostatic discharge immunity test ("IEC 61000-4-2"); (4) submission of Amendment 1 to the ISO/IEC Standard 14443-2:2001 entitled "Bit rates of fc/64, fc/32 and fc/16" ("ISO 14443-2:2001 Am. 1"); (5) submission of Amendment 1 to the ISO/IEC Standard 14443-3:2001 entitled "Bit rates of fc/64, fc/32 and fc/16" ("ISO 14443-3:2001 Am.1"); and (6) submission of Amendment 3 to ISO/IEC Standard 10373-6:2001: Protocol test methods for proximity coupling devices ("ISO 10373-6:2001 Am.3"). The requested supplementation, if granted, would not alter the current briefing schedule set forth in the Joint Proposed Scheduling Order which this Court adopted.

**A. This Court Should Allow OTI's Requested Supplementation To Ensure Fair Adjudication of OTI's Claims, and Explain Significant Gaps and Silences in the AR As to Certain Issues.**

The AR as submitted by the Government does not allow adequate judicial review of OTI's claims. Numerous gaps explaining the elimination of OTI exist in the AR. Where the existing documentary record raises serious concerns, and either the procuring agency has failed to explain its decision adequately, or a fair consideration of the issues requires additional evidence, it is proper for a reviewing court to permit a party to supplement the record. See Impresa, 238 F.3d at 1338-39; J.C.N. Constr., 60 Fed. Cl. at 404 n.8. The plaintiff need not prove its ultimate case at this stage, but must point to evidence "suggesting that the agency decision is arbitrary and capricious." Impresa, 238 F.3d at 1338.

The Government itself required competitors to comply with the "latest versions" of the standards, however, now is being selective in what "standards" it provides to this Court, claiming that these "latest versions" are relevant for the Court's review (knowing that OTI relies upon these standards in its Motion for Judgment on the AR). OTI has kept abreast of these standards (as required by the Solicitation) and is regularly updated (as are most vendors producing

ePassports) by the standards committees. Some of the excluded documents are updates to the standards that change or add sections to the standards. Without the updates, the standard is incomplete and obsolete – frozen in time at 2004. International standards constantly develop to keep pace with technological changes. Drafts of international standards are regularly circulated in the international community to educate vendors and countries as to the direction the standard is taking so that impacted parties may take these changes into account when designing new products. The documents that the Government provided are static – they represent the state of the world in 2004. However, products, technology, and standards, have evolved since 2004. To exclude the current standards would give the Court a view of technology at a snapshot in time, 2004, while at the same time, disregard all the advancements since then and the current standards that the Solicitation itself required to be applied to evaluate OTI's product.

As the Solicitation itself obliged competitors to remain abreast of advancements to the standard (see supra at 2), the testing performed under the Solicitation should comply with the most current standard available to the Government. Without the current standard, this Court would not be able to judge whether the testing performed was in compliance. It is disingenuous for the Government to say that these standards are irrelevant.

### B. OTI's Narrowly Tailored Requests to Supplement the Record Would Not Unduly Delay These Proceedings.

OTI shares the Court's concern over the ability to move this litigation forward rapidly. If OTI's motion is granted, and assuming the availability of witnesses, there would be no delay in the current briefing schedule on the merits. OTI has limited its request to submission of: (1) the ICAO Durability Technical Report; (2) the ICAO RF Test Standard; (3) IEC 61000-4-2; (4) ISO 14443-2:2001 Am. 1; (5) ISO 14443-3:2001 Am. 1; and (6) ISO 10373-6:2001 Am. 3. These submissions would be attached as an exhibit to OTI's Reply to the Government's Response to

OTI's Motion for Judgment on the AR and would not create any additional delay. OTI's counsel is available for a conference with the Court today or tomorrow at the Court's convenience.

## IV. CONCLUSION

OTI has alleged in its Complaint that the GPO's decision to eliminate OTI was arbitrary, capricious, and illegal in the following ways: (1) the GPO's decision lacked a rational basis; (2) the GPO relied on an undisclosed selection criterion; (3) the GPO did not abide by its disclosed selection criterion; (4) the GPO treated offertory differently, to the detriment of OTI, by allowing offerors with more serious problems to remain in the competition or to have additional bites at the apple; and (5) the GPO relied upon an incorrect technical evaluation of OTI's product. Only the requested supplementation of the AR with the updated standards and amendments will allow the Court to fully analyze the GPO's elimination of OTI from the production trials. Here, OTI has demonstrated and justice requires a need to supplement the AR with the tailored discovery OTI requests.

For the reasons stated herein, OTI respectfully requests that the Court grant OTI's Emergency Motion for Leave of the Court to Supplement the Administrative Record.

Respectfully submitted,

OTI AMERICA, INC.

By its attorneys,

Electronically filed on
September 25, 2006

/s/ William M. Weisberg
William M. Weisberg
SULLIVAN & WORCESTER LLP
1666 K Street, NW
Washington, DC 20006
(202) 775-1200
(202) 293-2275 (fax)

*Counsel of Record for Plaintiff OTI America, Inc.*

Beth L. Jacobson
Joyce L. Tong
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(617) 338-2872
(617) 338-2880 (fax)

Of Counsel for Plaintiff OTI America, Inc.