# EXHIBIT D

**IMPORTANT:** This facsimile is intended only for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or it's contents is strictly prohibited. If you have received this transmission in error, please notify us by telephoning and return the original transmission to us at the address given below.

**TO:** William M. Weisberg
Sullivan & Worcester LLP

**FAX No.** 202-293-2275

**FROM:** Richard B. Evans
Department of Justice
Civil Division

Fax: (202) 305-7643
Phone: (202) 353-7760

**DATE:** September 19, 2006

**SENT BY:** Richard B. Evans

**NUMBER OF PAGES SENT (INCLUDING COVER PAGE):** 3

**ITEM(S) TRANSMITTED:**

**MESSAGE:** See Attached.

**U.S. Department of Justice**

Civil Division

**DMC:DEK:REVANS**
**DJ 06-571**

Tele: (202) 353-7760
Fax: (202) 305-7643

*Washington, D.C. 20530*

September 19, 2006

**VIA FACSIMILE**
**& FIRST CLASS MAIL**

William M. Weisberg
Sullivan & Worcester LLP
1666 K St., N.W.
Washington, D.C. 20006

Re: *OTI America, Inc. v. United States*, CFC No. 06-571C

Dear Mr. Weisberg:

This letter is intended to address two matters: (1) the filing of the applicable ISO standards and ICAO recommendations pursuant to the Court's request, and (2) your repeated improper *ex parte* communications with the Court.

First, in accordance with the Courts' request, we are prepared to file with the Court the applicable standards and recommendations identified in the Solicitation. To date, we have collected, Bates stamped, and copied the documents listed in lines 611 through 633 of the Solicitation with a few exceptions. We have yet to locate copies of the items identified on lines 616, and 630-633. These include:

Line 616 – ICAO Technical Report: Selection of a Globally Interoperable Biometric for M-A Identity Confirmation with MRTDs;
Line 630 – ISO 7810 – Physical characteristics & Test Methods;
Line 631 – X509 – Certificates and Certificate Revocation Lists (CRLs);
Line 632 – ISO 15408 – Common Criteria; and
Line 633 – ISO 17799 – Code of Practice for Information Security Management.

We do not believe that the missing documents are particularly relevant; however, should you have access to these documents and would consider providing them to us, we would include them in the filing with the Court.

As you may recall, I made a similar request of you regarding this matter at the deposition of Ms. Broadnax on September 11, 2006. In response, your office provided me with various documents via e-mail, most of which were not listed in the Solicitation. Accordingly, they are

irrelevant and will not be included in the filing with the Court. We intend to file the relevant documents that we have collected to date by the close of business today. Should you have any copies of the documents listed above which we have been unable to locate, please let us know and we will make arrangements to similarly file them with the Court.

The second matter which I wish to address is your repeated improper *ex parte* communications with the Court. Pursuant to Rules of the Court of Federal Claims, all communications with the Court are to be through written motion. *See* RCFC 7. However, twice in the past week you communicated with the Court, specifically Judge Lettow's chambers, by letter. Your first improper correspondence occurred on September 12, 2006, when you transmitted a letter to the Court via facsimile regarding OTI's "Emergency Renewed Motion to Supplement the Administrative Record." The second improper contact occurred yesterday on September 18, 2006, again when you transmitted a letter to Judge Lettow's chambers, this time concerning OTI's "Motion to Amend or Correct its Memorandum in Support of its Motion for Judgment on the Administrative record." This informal, *ex parte* communication with the Court is improper and must cease immediately.

Thank you for your attention to this matter.

Very truly yours,

Richard B. E[signature]

RICHARD B. EVANS
Trial Attorney
Commercial Litigation Branch