# EXHIBIT E

SULLIVAN & WORCESTER

Sullivan & Worcester LLP
1666 K Street, NW
Washington, DC 20006

T 202 775 1200
F 202 293 2275
www.sandw.com

September 20, 2006

***By Facsimile and First Class Mail***

Richard Evans, Esq.
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, DC 20005

Re: OTI America, Inc. v. United States, Court of Federal Claims No. 06-571-C

Dear Mr. Evans:

I write to address the two matters in your September 19, 2006 letter.

First, at Albertha Broadnax's September 11, 2006 deposition, you requested our assistance in finding and copying the international technical standards the government purported to use in evaluating proposals, as you could not readily find them. You did not ask for specific standards, but rather the general international standards. As a courtesy (since the Court requested that the government file those standards, a request to which you agreed), that same evening (and three days before Motions for Judgment on the Administrative Record were due) at 8:30 p.m., we provided you via e-mail copies of all relevant international standards set forth in the Solicitation, including all updates, that we had available to us. Notwithstanding that, you did not file any standards with the Court.

In response to your telephone call on Friday, September 15, 2006, again requesting certain international standards, we responded by email on that same date and informed you that we did not have those standards readily available and had previously provided you with the standards we had.

In your letter, you inaccurately represent that we provided you with "various documents . . . most of which were not listed in the Solicitation." First, we did provide you with standards referenced in the Solicitation that we had. Second, we provided you with Amendments that regularly update the ICAO and ISO Standards, as set forth in the Solicitation as well as the most recent Standards that are in the process of being finalized. As I am sure you are aware (as highlighted by Ms. Broadnax at her deposition), the Solicitation refers to ICAO and ISO standards available at http://www.icao.int/mrtd/Home/Index.cfm, indicating that the most recent standards are to be used. Thus, these Amendments and updates are highly relevant and we reiterate our request that you file these with the Court as well rather than selectively choose which Standards you deem relevant.

Second, in response to your allegation regarding alleged *ex parte* communications, you were copied on all written correspondence we had with the Court and those communications were sent, in part, to promptly alert the Court of the Motions filed given the stringent time-frame of this action.

Moreover, according to Court of Federal Claims General Order 42A(I)(5) regarding electronic filings:

> Unless otherwise ordered by the assigned judge, where documents, including exhibits or attachments, would exceed 50 pages when printed, the Filing User shall supply chambers with a courtesy copy of the document in paper form. The assigned judge may order the parties to supply courtesy copies in paper form of any ECF filing.

(emphasis added). If you read the two letters to the Court to which you refer, OTI simply provided courtesy copies. Therefore, there has been no "improper *ex parte*" communications with the Court by OTI.

Best regards,

William Weisberg/JLT

William M. Weisberg
Beth L. Jacobson
Joyce L. Tong

Direct line: 202 775 1237
wweisberg@sandw.com

WMW/jlt