**AGREED-UPON REDACTED COPY - MAY BE MADE PUBLIC**

**THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | |
|---|---|
| OTI AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Civil Action No. 06-571-C<br>(Judge Lettow) |

**PLAINTIFF OTI AMERICA, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE OF COURT TO SUPPLEMENT ADMINISTRATIVE RECORD**

Electronically filed on
October 6, 2006

William M. Weisberg
SULLIVAN & WORCESTER LLP
1666 K Street, NW
Washington, DC 20006
(202) 775-1200
(202) 293-2275 (fax)

*Counsel of Record for Plaintiff OTI America, Inc.*

Beth L. Jacobson
Joyce L. Tong
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(617) 338-2872
(617) 338-2880 (fax)

*Of Counsel for Plaintiff OTI America, Inc.*

**AGREED-UPON REDACTED COPY - MAY BE MADE PUBLIC**

TABLE OF CONTENTS

Page

Table of Authorities ii

I. STANDARD OF REVIEW 1

II. ARGUMENT 3

A. There Is Sufficient Evidence of Unexplained Improprieties and Significant Gaps in the AR To Warrant Supplementation of the AR. 4

1. Fair Adjudication of OTI's Claims, Explain Significant Gaps and Silence in the AR as to certain Issue As Well As a Post-Hoc Rationalization, Court Should Allow OTI's Requested Limited Discovery. 5

a) Missing Testing Criteria and Test Results 6

b) Missing Email Correspondence 7

c) Post-hoc Rationalization 7

d) Silence in the AR Regarding the [ ] Interoperability Test 8

e) No [ ] Test Results 9

f) Requested Depositions 9

2. The AR Should Be Supplemented with OTI's Independent Test Results Because the Results Help Explain the Technical Nature of the Issues in This Protest. 11

3. The Bare AR Warrants OTI's Submission of an Expert Consultant's Testimony, Reports and/or Declaration. 13

B. OTI's Narrowly Tailored Requests to Supplement the Record Would Not Unduly Delay These Proceedings. 14

III. CONCLUSION 15

**AGREED-UPON REDACTED COPY - MAY BE MADE PUBLIC**

Page

## TABLE OF AUTHORITIES

### FEDERAL CASES

Al Ghanim Combined Group Co. General Trad. & Cont. W.L.L. v. United States, 56 Fed. Cl. 502 (2003) ....5, 14

Arch Chemicals, Inc. v. United States, 64 Fed. Cl. 380 (2005) ....2, 3, 8

Asia Pac. Airlines v. United States, 68 Fed. Cl. 8 (2005) ....2, 3

Bannum, Inc. v. United States, 404 F.3d 1346 (Fed. Cir. 2005) ....2

Camp v. Pitts, 411 U.S. 138 (1973) ....2

Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402 (1971) ....2, 3, 8

Comprehensive Health Services v. United States, 70 Fed. Cl. 700 (2006) ....2

Cubic Applications, Inc. v. United States, 37 Fed. Cl. 345 (1997) ....10

Cybertech Group v. United States, 48 Fed. Cl. 638 (2001) ....9

Emery Worldwide Airlines, Inc. v. United States, 49 Fed. Cl. 211 ....8, 10

Esch v. Yeutter, 876 F.2d 976 (D.C. Cir. 1989) ....8, 11

Graphicdata, LLC v. United States, 37 Fed. Cl. 771 (1997) ....13

Gulf Group, Inc. v. United States, 61 Fed. Cl. 338 (2004) ....1

Hunt Building Co. v. United States, 61 Fed. Cl. 243 (2004) ....3, 13

Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324 (Fed. Cir. 2001) ....2, 3, 5, 10

International Resources Recovery, Inc., 59 Fed. Cl. 537 (2004) ....10, 11

J.C.N. Construction Co. v. United States, 60 Fed. Cl. 400 (2004) ....3, 5, 10

Mike Hooks, Inc. v. United States, 39 Fed. Cl. 147 (1997) ....3, 11

OTI America, Inc. v. United States, 68 Fed. Cl. 108 (2005) ....2, 3

TABLE OF AUTHORITIES
(continued)

Page

Orion International Techs. v. United States, 60 Fed. Cl. 338 (2004) ....................................1, 3, 15

Precision Standard, Inc. v. United States, 69 Fed. Cl. 738 (2006) ..............................................11

**AGREED-UPON REDACTED COPY**
**- MAY BE MADE PUBLIC**

**THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| OTI AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | : | Civil Action No. 06-571-C<br>(Judge Lettow) |

**PLAINTIFF OTI AMERICA, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE OF COURT TO SUPPLEMENT ADMINISTRATIVE RECORD**

Plaintiff, OTI America, Inc. ("OTI"), by its undersigned attorney, submits this memorandum in support of its Motion for Leave of Court to Supplement the Administrative Record ("Motion") in the above-captioned case on the basis that the Administrative Record ("AR") is incomplete, inadequate, contains post-hoc rationalizations and thus must be supplemented - in a limited manner - for OTI to present its case and for effective judicial review.

## I. STANDARD OF REVIEW

This Court has the discretion to permit supplementation of the AR. Such supplementation is necessary: (1) to help explain the agency's decision and facilitate meaningful judicial review; (2) to add relevant information that by its very nature would not be found in the agency record, information relied upon but omitted from the record, or content of conversations; and (3) to explain post-hoc rationalizations of a basis for the agency action. See Orion Int'l Techs. v. United States, 60 Fed. Cl. 338, 343-45 (2004) (granting limited discovery); Gulf Group, Inc. v. United States, 61 Fed. Cl. 338, 347 (2004) (holding that limited discovery was

**AGREED-UPON REDACTED COPY - MAY BE MADE PUBLIC**

warranted); Arch Chems., Inc. v. United States, 64 Fed. Cl. 380, 385 (2005) (permitting supplementation because the agency relied upon post-hoc rationalizations).

Although the reviewing Court should focus on the "contemporaneous" record made at the time the agency's action was taken, the Court has the power, and sometimes the obligation, to require further explanation of an agency's decision for meaningful judicial review. See Camp v. Pitts, 411 U.S. 138, 142 (1973) (if failure to explain AR would frustrate effective judicial review, may obtain testimony from agency); see also Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324 (Fed. Cir. 2001); Comprehensive Health Servs. v. United States, 70 Fed. Cl. 700, 719-20 (2006) (supplementation of the AR is appropriate if the AR does not contain sufficient information for the court to make a decision; there is no "iron-clad rule" limiting the court's review to the AR). The agency decision, though entitled to a presumption of regularity, may be rebutted by evidence in the record that the decision was arbitrary or capricious. OTI Am., Inc. v. United States, 68 Fed. Cl. 108 (2005).

Permitting deposition testimony of the contracting officer in a bid protest case may be the most efficient way to proceed because the depositions "may enable the Court to satisfy its statutory duty to give due regard to the need for expeditious resolution of the action."[1] Asia Pac. Airlines v. United States, 68 Fed. Cl. 8, 18-19 (2005) (granting supplementation of record as rationale of those who made decision to terminate was not apparent from the AR), citing Bannum, Inc. v. United States, 404 F.3d 1346, 1356 (Fed. Cir. 2005), quoting 28 U.S.C. § 1491(b)(3); see also Impresa, 238 F.3d at 1339 (requiring deposition of contracting officer to place on the record his grounds for the determinations he made and to determine whether there

[1] At this time OTI does not seek depositions into the mental processes of GPO officials. However, even if OTI were to seek such information, OTI would only be required to show either improper conduct or bad faith. See Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 420 (1971) (overturned on other grounds).

was a lack of rational basis in his decision). See Mike Hooks, Inc. v. United States, 39 Fed. Cl. 147, 158 (1997) (allowing supplementation with affidavits that helped explain the highly technical nature of the issues); see also Hunt Bldg. Co. v. United States, 61 Fed. Cl. 243, 272 (2004) (allowing expert testimony). Moreover, if the contracting officer took into account information beyond that in the AR, supplementation of the record is appropriate and required for meaningful judicial review. See OTI Am., Inc., 68 Fed. Cl. at 118; see also Asia Pac., 68 Fed. Cl. at 19; J.C.N. Constr. Co. v. United States, 60 Fed. Cl. 400, 404-05 n.8 (2004), aff'd, 2005 U.S. App. LEXIS 3831 (Fed. Cir. 2005) (granting limited depositions). "The administrative record is supposed to reflect the information available to the decision maker at the time the challenged decisions were made." Arch Chems., 64 Fed. Cl. at 385. In fact, documents created "after-the-fact are suspect, as courts reviewing an administrative record recognize that they must reject 'post hoc rationalizations' as a basis for the agency action." Arch Chems., 64 Fed. Cl. at 386; see also Citizens to Preserve Overton Park, 401 U.S. at 420 (testimony of officials who participated in decision may be the only way for effective judicial review particularly if post-hoc rationalization).

The burden rests on the plaintiff to show more than "innuendo or suspicion." Orion Int'l, 60 Fed. Cl. at 344. OTI need not prove its ultimate case at this stage, but must simply point to evidence "suggesting that the agency decision is arbitrary and capricious." Impresa, 238 F.3d at 1338. Here, OTI has met this burden and is entitled to limited discovery.

## II. ARGUMENT

Irregularities in the procurement process and inadequacies in the AR make limited supplementation of the AR necessary to a fair adjudication of this dispute. The AR submitted by the Government is incomplete in areas that are relevant, material, and essential for a judicial

determination and contains post-hoc rationalizations. The Government Printing Office's (the "GPO") decision to eliminate OTI was arbitrary, capricious, and illegal in the following ways: (1) the GPO's decision lacked a rational basis; (2) the GPO relied on an undisclosed selection criterion; (3) the GPO did not abide by its disclosed selection criterion; (4) the GPO treated offerors differently, to the detriment of OTI, by allowing offerors with more serious problems to remain in the competition or to have additional bites of the apple; and (5) the GPO relied upon an incorrect technical evaluation of OTI's product. Fair consideration of these contentions requires the expedited, limited supplementation of the AR that OTI has requested.

OTI acknowledges that the Court must tailor supplementation of the AR and discovery in bid protest cases as narrowly as possible and must proceed as expeditiously as possible. For fair consideration of its claims, OTI seeks supplementation of the AR in the following ways: (1) supplementation with specified documents currently in the Government's possession; (2) limited depositions; (3) submission of OTI's test results from independent laboratories offered for limited evidentiary purposes; and (4) expert testimony/reports on behalf of OTI for limited evidentiary purposes. The requested supplementation, if granted, would not alter (assuming availability of the witnesses) the current briefing schedule set forth in the Joint Proposed Scheduling Order which this Court adopted.

### A. *There Is Sufficient Evidence of Unexplained Improprieties and Significant Gaps in the AR To Warrant Supplementation of the AR.*

The AR as submitted by the Government does not allow adequate judicial review of OTI's claims. Numerous gaps, missing documents, missing test criteria and rationale for the elimination of OTI exist in the AR. Moreover, many "Tabs" in the AR contain numerous documents with no indication as to how they are related and the index only identifies the first document. Where the existing documentary record raises serious concerns, and either the

**AGREED-UPON REDACTED COPY
- MAY BE MADE PUBLIC**

procuring agency has failed to explain its decision adequately, or a fair consideration of the issues requires additional evidence, it is proper for a reviewing court to permit a party to supplement the record. See Impresa, 238 F.3d at 1338-39; J.C.N. Constr., 60 Fed. Cl. at 404 n.8. The plaintiff need not prove its ultimate case at this stage, but must point to evidence "suggesting that the agency decision is arbitrary and capricious." Impresa, 238 F.3d at 1338. Because the GPO's "explanation" - or lack thereof - of its action begs more questions than it answers when considered in the context of apparent procurement irregularities, this case warrants the limited supplementation of the AR that OTI has requested.

### *1. This Court Should Allow OTI's Requested Limited Discovery To Ensure Fair Adjudication of OTI's Claims, Explain Significant Gaps and Silence in the AR As to Certain Issues As Well As a Post-Hoc Rationalization.*

In the face of serious questions about the GPO's decision to eliminate OTI, the GPO failed to include in the AR numerous documents such as significant test results and testing criteria essential for an analysis of OTI's claims, email correspondence, and [ ] test results. Furthermore, the AR included a document evidencing a potential post-hoc rationalization. Given these significant gaps in the AR which must be corrected and/or explained for effective judicial review, OTI is entitled to expedited, limited discovery.

The requested limited discovery would provide the critical reasoning, or expose the lack thereof, that is glaringly absent from the documents created at the agency level. See J.C.N. Constr., 60 Fed. Cl. at 404 n.8 ("The Court may properly rely on this supplemental evidence because the [apparent disparate treatment] was not adequately explained in the record before the court." (internal quotation marks omitted); Al Ghanim Combined Group Co. Gen. Trad. & Cont. W.L.L. v. United States, 56 Fed. Cl. 502, 508 (2003) ("Supplementation is appropriate when the

**AGREED-UPON REDACTED COPY - MAY BE MADE PUBLIC**

record still has lacunae that should be filled based on the protestor's challenges") (internal quotation marks omitted).

**a) <u>Missing Testing Criteria and Test Results</u>**

First, the AR is silent as to any testing criteria and certain test results. Specifically, the AR does not contain: (1) the revised specifications received by OTI from GPO [ ] (AR Tab 3, p. 4); (2) the international testing standards (set by the International Civil Aviation Organization "ICAO" or the International Standards Organization "ISO"); (3) the ] (AR Tab 5 p. 8); (4) complete test reports for OTI (test charts, AR Tab 5 pp. 11-37); (5) [ ] testing results; (6) any correspondence or contract between GPO and the National Institute for Standards and Technology ("NIST") instructing NIST what tests to perform or criteria for doing so;[3] and (7) any explanation of criteria used to perform NIST tests. Aside from a general description of the tests, nothing in the AR states the NIST criteria for passing or failing (compare AR p. 212 with p. 289 – no explanation of why OTI failed test). OTI requests that the Government include the aforementioned missing criteria and test results.

These documents go to the heart of OTI's bid protest and thus such gaps must be explained for fair judicial review. The current AR does not allow the Court to compare the Solicitation standards (supposedly ISO/ICAO international standards) to those NIST employed. In fact, the international standards are not even part of the AR. Without limited supplementation of the record, the Court could not even begin to analyze OTI's claim regarding the GPO's use of

---

[2] It is unclear from the AR whether this [ ] is part of the documents at AR Tab 9. The AR is littered with numerous documents in each "Tab" which do not specify (as the index does not indicate) whether the documents relate to each other.

undisclosed evaluation criteria, deviation from international standards, and incorrect technical evaluation. OTI requests that the Government include the ISO/ICAO standards for the Court's comparison with the standards used by or provided to NIST.

**b) <u>Missing Email Correspondence</u>**

Second, highly relevant emails are missing from the AR. For example, (1) the responsive email from [ ] (<u>See</u> Tab 4, p. 6); and (2) no responsive emails to [ ] (<u>See</u> Tab 2, p. 3) are included. OTI requests that (a) the GPO produce the requested missing documents and that (b) OTI take the limited depositions of [ ] and [ ] to explain the absence of further documentation in the AR.

**c) <u>Post-hoc Rationalization</u>**

Third, a potential post-hoc rationalization exists in the AR. Tab 6 (p. 38) of the AR contains [ ]. (AR Tab 6 pp. 40-42). [ ]. Neither OTI nor its counsel have ever seen this document until now. [ ] letter does not indicate any enclosures or attachments. Most unusual is that [ ] is undated (AR Tab 6 p. 42). However, the [ ] are both dated. (AR Tab 11 p. 308-09 and Tab 14 pp. 315-17).

---

[3] As the Government represented at the hearing on August 9, 2006, NIST is an independent governmental agency that contracted with the Department of State to provide technical evaluations.

**AGREED-UPON REDACTED COPY**
**- MAY BE MADE PUBLIC**

OTI must determine when this document was created as it potentially was created after OTI's protest. OTI has not had an opportunity to test its validity. OTI can only do so by deposing [ ]. Without such an opportunity, the ability to amass evidence for consideration in this litigation would be a one-way street favoring the government, a fundamentally unfair proposition. See Emery Worldwide Airlines, Inc. v. United States, 49 Fed. Cl. 211, 219, aff'd, 264 F.3d 1071 (Fed. Cir. 2001) (permitting plaintiff to depose three witnesses after defendant had offered their testimony as post-decision explanation). In Emery, discovery was permitted because defendant offered three witnesses at an emergency injunction hearing. The court held that, "to the extent that the witnesses justify an agency action, their testimony is subject to discovery because it constitutes post-decision explanation." Id. at 219 n.10. Such is the case here.

The only reasonable way to proceed – in the interest of fairness – is to permit OTI to take the limited deposition of [ ] so her potentially self-serving, after-the-fact declaration does not prejudice it. See Arch Chems., 64 Fed. Cl. at 387 (court did not allow the government to include certain documents created after the protest was filed in the AR); Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989) (there is an exception to rule of not supplementing the administrative record where "evidence arising after the agency action shows whether the [agency] decision was correct or not"); see also Citizens to Preserve Overton Park, 401 U.S. at 420 (if post-hoc rationalizations are offered, testimony of officials who participated in decision may be the only way for effective judicial review).

**d) Silence in the AR Regarding the [ ]**

Fourth, the record is completely silent as to the [ ] and the events surrounding the

conference as set forth in ¶¶ 44-50 of OTI's Complaint. <u>See</u> <u>Appendix A</u>, attached hereto. Details regarding those events at the [ ] are directly relevant to OTI's disparate treatment argument. In order for the Court to conduct a comprehensive review of the facts and a full and fair determination of the issues, the whole story regarding the [ ] is required. OTI thus seeks limited depositions of the following personnel involved in conversations with OTI regarding the reading of [ ] product, the test results, and conversations regarding OTI's product: (1) [ ] (a State Department ("DoS") Representative at the [ ]); (2) [ ]; and (3) [ ] of the DoS.

**e) <u>No [ ] Test Results</u>**

OTI alleged in its Complaint that [ ] was treated differently than OTI in that it either was permitted to resubmit a noncompliant product, or the GPO accepted a material non-compliant product. <u>See</u> <u>Appendix A</u>, attached hereto. As such, and given OTI's broader allegations of disparate treatment, [ ] test results are most relevant to this bid protest. The AR is void of any test results for [ ] product. Accordingly, OTI requests that the GPO supplement the AR with [ ] test results. The Government acknowledged that other contractors' test results are relevant as it included the results of [ ] an d [ ] in the AR. A mere time lapse between [ ] testing and OTI's testing does not, per se, make [ ] test results irrelevant, particularly given the allegations in the complaint regarding the [ ]. Thus, OTI respectfully requests that this Court order the Government to produce [ ] testing results.

**f) <u>Requested Depositions</u>**

Depositions and testimony are regularly allowed to enhance the information before the Court. <u>See</u> <u>Cybertech Group v. United States</u>, 48 Fed. Cl. 638, 651 (2001) (granting <u>five</u>

depositions and limited discovery even "absent the requisite 'well-nigh irrefragable' proof" required for bad faith determinations and, after discovery, finding no bad faith); see also Cubic Applications, Inc. v. United States, 37 Fed. Cl. 345 (1997) (allowing depositions); Impresa, 238 F.3d 1324 (allowing deposition); J.C.N. Constr., 60 Fed. Cl. 400 (allowing deposition); Emery Worldwide, 49 Fed. Cl. 211 (allowing depositions); Int'l Res. Recovery, Inc., 59 Fed. Cl. 537 (2004) (allowing depositions). OTI requests that the Court grant it leave to take the limited depositions of the following persons:

(1) [ ]. The deposition of [ ] is necessary to (a) determine the whereabouts of the missing documents; (b) explain a post-hoc rationalization; (c) examine her independent judgment including, but not limited to, her apparent sole reliance on [ ] evaluation of the technical analysis; and (d) to explain other gaps and silences in the AR.

(2) [ ]. The deposition of these persons is essential to OTI's argument of disparate treatment as these people were directly involved with and witnesses to the events that occurred at the [ ] which sheds light on OTI's disparate treatment claim.

(3) [ ]. In that report he made recommendations in a very summary fashion. OTI seeks to depose [ ] to gain an understanding as to (a) how he interpreted the NIST test results; (b) what he considered to come to his conclusions and recommendations; and (c) gaps and silences in the AR with respect to email correspondence and documents that pertain to him.

(4) *NIST testers.*[4] As previously set forth, as the AR is silent as to precisely how the NIST testing was performed, what the guidelines were and how those guidelines related to the Solicitation, OTI seeks to depose those persons who actually conducted the NIST testing to clarify the standards used.

By deposing the six individuals that OTI has identified, OTI and the Court would learn critical information that the documentary record fails to provide and that is necessary for a fair determination on the merits. See Int'l Res. Recovery, Inc. v. United States, 59 Fed. Cl. 537, 542 (2004) ("Depositions have been ordered in bid protests where necessary to provide a full record for the Court's review").

### 2. ***The AR Should Be Supplemented with OTI's Independent Test Results Because The Results Help Explain the Technical Nature of the Issues in This Protest.***

In addition to the numerous scenarios under which this Court has permitted supplementation of the AR is when it helps "explain the highly technical nature of the issues and discuss factors which the [GPO] perhaps should have considered but did not." Mike Hooks, Inc. v. United States, 39 Fed. Cl. 147, 158 (1997) (permitting Plaintiff to supplement the AR with affidavits that help explain the highly technical nature of the issues), citing Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989) (supplementation of record permitted when "a case is so complex that a court needs more evidence to enable it to understand the issues clearly"); see also Precision Standard, Inc. v. United States, 69 Fed.Cl. 738, 746-47 (2006) (permitting Government to supplement the AR with a declaration as it "informs the court about a technical aspect of the

[4] OTI seeks only to depose the relevant persons who performed the NIST testing of OTI's product at issue here – namely, Load Modulation. On August 21, 2006, OTI requested that the Government provide it with the names of those individuals to assist in narrowing its request. On August 23, 2006, the Government agreed to identify the specific tester prior to any deposition.

**AGREED-UPON REDACTED COPY
- MAY BE MADE PUBLIC**

procurement process . . . and specifically aids the court in its understanding of an error defendant claims is contained in the solicitation").

OTI claims as part of its bid protest that not only did the GPO not abide by the Solicitation's stated standards and thus used undisclosed evaluation criteria, but that the GPO performed an incorrect technical evaluation. Based on the AR as submitted, this Court would not be able to determine whether the GPO complied with the terms of the Solicitation. The Solicitation requires compliance with ISO/ICAO standards. First, the AR does not provide the ISO/ICAO standards. Second, OTI's independent lab tests specify the ISO/ICAO standards, demonstrates how the international community tests for compliance with the standards and explains how OTI's product is compliant. Absent this information, the Court will not be able to conduct an efficient judicial review of the merits of OTI's bid protest.

Prior to this protest, as part of OTI's internal evaluation of its product, three independent, internationally-recognized laboratories, [ ], tested OTI's product to ensure compliance with international standards. These tests were performed as part of OTI's various submissions to international standards bodies. Test results from labs indicate that OTI's product complied with all internationally recognized standards, the exact standards with which the Solicitation required compliance. These test results were not created for the purpose of litigation but rather as part of OTI's research and development process. If the Court so requires, OTI is willing to submit a declaration authenticating those test results along with the test results.

By proffering these results, OTI does not request that the Court evaluate the technical sufficiency of OTI's product, rather it seeks to submit the independent test results solely to demonstrate that either: (1) the GPO did not abide by the international standards as required by the Solicitation or (2) the GPO performed an incorrect technical evaluation. As this Court

typically permits supplementation of the AR including, but not limited to, when "a case is so complex that a court needs more evidence to enable it to understand the issues clearly", the Court should permit OTI to submit its test results. Graphicdata, LLC v. United States, 37 Fed. Cl. 771, 779 (1997) (permitting supplementation of the AR).

### *3. The Bare AR Warrants OTI's Submission of an Expert Consultant's Testimony, Reports and/or Declaration.*

This Court has recognized the need to supplement the AR with expert testimony when prejudice is at issue. See Hunt Bldg. Co. v. United States, 61 Fed. Cl. 243, 272 (2004). In Hunt, the Court permitted expert testimony "regarding the prejudice suffered by Plaintiff". Id. As Plaintiff was not admitted under the Protective Order, he could not review the documents in the AR and "could not address precisely how [certain] changes prejudiced Plaintiff. Thus, Plaintiff required an expert consultant who could review and assess these materials to render an opinion on the impact of these changes". Id. (granting Plaintiff leave to supplement the record with expert testimony). The Court permitted the expert testimony because it determined such testimony would "assist the Court in understanding . . . and address Plaintiff's alleged prejudice". Id. Such is the case here.

OTI seeks leave of this Court to permit its expert consultant to testify (in the form of a declaration, report and/or live testimony) as to: (1) the testing standards of the ISO/ICAO, as specified by the Solicitation (which GPO did not even include in the AR), those conducted by the GPO by and through NIST, and those conducted independently by OTI; (2) whether any variations in the testing standards existed; and (3) any impact or prejudice on OTI. OTI submits that its expert consultant would simply aid the court in its understanding of the technical aspects of this case. OTI does not request that this Court, nor OTI's expert consultant, opine as to the

technical merits.[5] OTI seeks to submit an expert's testimony and/or report for the limited purpose of assisting the Court in determining whether the testing required by ISO/ICAO standards (the Solicitation standards is the same as the testing conducted by NIST or OTI. This directly impacts the Court's analysis of whether GPO used undisclosed evaluation criteria, abided by its own Solicitation (OTI alleges that although the Solicitation set forth that GPO abides by ISO/ICAO requirements, the testing performed was not done in accordance with that), and that GPO relied upon an incorrect technical evaluation. The AR is devoid of any such analysis and does not even provide each of the aforementioned testing standards. Without submission of Plaintiff's expert consultant's report providing the testing criteria and explaining such test results, OTI would be prejudiced as this Court could not conduct any meaningful analysis of the technical claims OTI alleges in its Complaint. Plaintiff's proposed expert consultant's testimony would fill gaps in the record and prove clarification necessary for the Court to rule on the cross-motions for judgment on the Administrative Record. Cf. Al Ghanim, 56 Fed. Cl. at 512. Plaintiff's expert consultant will assist the Court's understanding of the technical evaluation and will address Plaintiff's alleged prejudice.

### B. OTI's Narrowly Tailored Requests to Supplement the Record Would Not Unduly Delay These Proceedings.

OTI shares the Court's concern over the ability to move this litigation forward rapidly. If OTI's motion is granted, and assuming the availability of witnesses, there would be no delay in the current briefing schedule on the merits. OTI has limited its request to: (1) supplementation with specified documents currently in the Government's possession; (2) limited depositions; (3) submission of OTI's test results from independent laboratories offered for limited evidentiary

[5] OTI does not seek any opinion testimony as to "contract interpretation, which is a matter of law and thus outside of the scope of proper supplementation." Cf. Al Ghanim Combined Group Co. Gen. Trad. & Cont. W.L.L.

purposes; and (4) expert testimony/reports on behalf of OTI for limited evidentiary purposes. OTI is prepared to take the depositions as soon as the Court rules on this Motion and the Government makes the proposed deponents available. Moreover, to ensure that the discovery concludes quickly, OTI does not object to limiting the depositions to four hours per witness. OTI further would limit the depositions to the relevant subject areas (as previously identified above) that will facilitate meaningful judicial review. See Orion Int'l Techs. v. United States, 60 Fed. Cl. 338, 345 (2004). The submission of expert reports and OTI's test results would be submitted as exhibits to OTI's Motion for Judgment on the Administrative Record and/or live testimony of the expert at the hearing on said Motion, thus, not creating any delay.

## III. CONCLUSION

OTI has alleged in its Complaint that the GPO's decision to eliminate OTI was arbitrary, capricious, and illegal in the following ways: (1) the GPO's decision lacked a rational basis; (2) the GPO relied on an undisclosed selection criterion; (3) the GPO did not abide by its disclosed selection criterion; (4) the GPO treated offerors differently, to the detriment of OTI, by allowing offerors with more serious problems to remain in the competition or to have additional bites at the apple; and (5) the GPO relied upon an incorrect technical evaluation of OTI's product. Only the requested supplementation of the AR can reveal some of the true reasons for the GPO's elimination of OTI from the production trials. Here, OTI has demonstrated and justice requires a need to supplement the AR with the tailored discovery OTI requests.

---

v. United States, 56 Fed. Cl. 502, 512 (2003) (denying plaintiff the right to supplement the record with expert testimony as expert testimony does not aid the court in its analysis of plaintiff's arguments).

**AGREED-UPON REDACTED COPY**
**- MAY BE MADE PUBLIC**

For the reasons stated herein, OTI respectfully requests that the Court grant OTI's Motion for Leave of the Court To Supplement the Administrative Record.

Electronically filed on
October 6, 2006

/s/ William M. Weisberg
William M. Weisberg
SULLIVAN & WORCESTER LLP
1666 K Street, NW
Washington, DC 20006
(202) 775-1200
(202) 293-2275 (fax)

*Counsel of Record for Plaintiff OTI America, Inc.*

Beth L. Jacobson
Joyce L. Tong
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(617) 338-2872
(617) 338-2880 (fax)

*Of Counsel for Plaintiff OTI America, Inc.*