# APPENDIX A

procuring agency has failed to explain its decision adequately, or a fair consideration of the issues requires additional evidence, it is proper for a reviewing court to permit a party to supplement the record. See Impresa, 238 F.3d at 1338-39; J.C.N. Constr., 60 Fed. Cl. at 404 n.8. The plaintiff need not prove its ultimate case at this stage, but must point to evidence "suggesting that the agency decision is arbitrary and capricious." Impresa, 238 F.3d at 1338. Because the GPO's "explanation" - or lack thereof - of its action begs more questions than it answers when considered in the context of apparent procurement irregularities, this case warrants the limited supplementation of the AR that OTI has requested.

***1. This Court Should Allow OTI's Requested Limited Discovery To Ensure Fair Adjudication of OTI's Claims, Explain Significant Gaps and Silence in the AR As to Certain Issues As Well As a Post-Hoc Rationalization.***

In the face of serious questions about the GPO's decision to eliminate OTI, the GPO failed to include in the AR numerous documents such as significant test results and testing criteria essential for an analysis of OTI's claims, email correspondence, and [ ] test results. Furthermore, the AR included a document evidencing a potential post-hoc rationalization. Given these significant gaps in the AR which must be corrected and/or explained for effective judicial review, OTI is entitled to expedited, limited discovery.

The requested limited discovery would provide the critical reasoning, or expose the lack thereof, that is glaringly absent from the documents created at the agency level. See J.C.N. Constr., 60 Fed. Cl. at 404 n.8 ("The Court may properly rely on this supplemental evidence because the [apparent disparate treatment] was not adequately explained in the record before the court." (internal quotation marks omitted); Al Ghanim Combined Group Co. Gen. Trad. & Cont. W.L.L. v. United States, 56 Fed. Cl. 502, 508 (2003) ("Supplementation is appropriate when the

record still has lacunae that should be filled based on the protestor's challenges") (internal quotation marks omitted).

### a) Missing Testing Criteria and Test Results

First, the AR is silent as to any testing criteria and certain test results. Specifically, the AR does not contain: (1) the revised specifications received by OTI from GPO [ ] (AR Tab 3, p. 4); (2) the international testing standards (set by the International Civil Aviation Organization "ICAO" or the International Standards Organization "ISO"); (3) the ] (AR Tab 5 p. 8); (4) complete test reports for OTI (test charts, AR Tab 5 pp. 11-37); (5) [ ] testing results; (6) any correspondence or contract between GPO and the National Institute for Standards and Technology ("NIST") instructing NIST what tests to perform or criteria for doing so;[3] and (7) any explanation of criteria used to perform NIST tests. Aside from a general description of the tests, nothing in the AR states the NIST criteria for passing or failing (compare AR p. 212 with p. 289 – no explanation of why OTI failed test). OTI requests that the Government include the aforementioned missing criteria and test results.

These documents go to the heart of OTI's bid protest and thus such gaps must be explained for fair judicial review. The current AR does not allow the Court to compare the Solicitation standards (supposedly ISO/ICAO international standards) to those NIST employed. In fact, the international standards are not even part of the AR. Without limited supplementation of the record, the Court could not even begin to analyze OTI's claim regarding the GPO's use of

---

[2] It is unclear from the AR whether this [ ] is part of the documents at AR Tab 9. The AR is littered with numerous documents in each "Tab" which do not specify (as the index does not indicate) whether the documents relate to each other.

undisclosed evaluation criteria, deviation from international standards, and incorrect technical evaluation. OTI requests that the Government include the ISO/ICAO standards for the Court's comparison with the standards used by or provided to NIST.

**b) <u>Missing Email Correspondence</u>**

Second, highly relevant emails are missing from the AR. For example, (1) the responsive email from [ ] (<u>See</u> Tab 4, p. 6); and (2) no responsive emails to [ ] (<u>See</u> Tab 2, p. 3) are included. OTI requests that (a) the GPO produce the requested missing documents and that (b) OTI take the limited depositions of [ ] and [ ] to explain the absence of further documentation in the AR.

**c) <u>Post-hoc Rationalization</u>**

Third, a potential post-hoc rationalization exists in the AR. Tab 6 (p. 38) of the AR contains [ ]. (AR Tab 6 pp. 40-42). [ ]. Neither OTI nor its counsel have ever seen this document until now. [ ] letter does not indicate any enclosures or attachments. Most unusual is that [ ] is undated (AR Tab 6 p. 42). However, the [ ] are both dated. (AR Tab 11 p. 308-09 and Tab 14 pp. 315-17).

---

[3] As the Government represented at the hearing on August 9, 2006, NIST is an independent governmental agency that contracted with the Department of State to provide technical evaluations.

OTI must determine when this document was created as it potentially was created after OTI's protest. OTI has not had an opportunity to test its validity. OTI can only do so by deposing [ ]. Without such an opportunity, the ability to amass evidence for consideration in this litigation would be a one-way street favoring the government, a fundamentally unfair proposition. See Emery Worldwide Airlines, Inc. v. United States, 49 Fed. Cl. 211, 219, aff'd, 264 F.3d 1071 (Fed. Cir. 2001) (permitting plaintiff to depose three witnesses after defendant had offered their testimony as post-decision explanation). In Emery, discovery was permitted because defendant offered three witnesses at an emergency injunction hearing. The court held that, "to the extent that the witnesses justify an agency action, their testimony is subject to discovery because it constitutes post-decision explanation." Id. at 219 n.10. Such is the case here.

The only reasonable way to proceed – in the interest of fairness – is to permit OTI to take the limited deposition of [ ] so her potentially self-serving, after-the-fact declaration does not prejudice it. See Arch Chems., 64 Fed. Cl. at 387 (court did not allow the government to include certain documents created after the protest was filed in the AR); Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989) (there is an exception to rule of not supplementing the administrative record where "evidence arising after the agency action shows whether the [agency] decision was correct or not"); see also Citizens to Preserve Overton Park, 401 U.S. at 420 (if post-hoc rationalizations are offered, testimony of officials who participated in decision may be the only way for effective judicial review).

### d) Silence in the AR Regarding the [ ]

Fourth, the record is completely silent as to the [ ] and the events surrounding the

conference as set forth in ¶¶ 44-50 of OTI's Complaint. See Appendix A, attached hereto. Details regarding those events at the [ ] are directly relevant to OTI's disparate treatment argument. In order for the Court to conduct a comprehensive review of the facts and a full and fair determination of the issues, the whole story regarding the [ ] is required. OTI thus seeks limited depositions of the following personnel involved in conversations with OTI regarding the reading of [ ] product, the test results, and conversations regarding OTI's product: (1) [ ] (a State Department ("DoS") Representative at the [ ]); (2) [ ]; and (3) [ ] of the DoS.

**e) No [ ] Test Results**

OTI alleged in its Complaint that [ ] was treated differently than OTI in that it either was permitted to resubmit a noncompliant product, or the GPO accepted a material non-compliant product. See Appendix A, attached hereto. As such, and given OTI's broader allegations of disparate treatment, [ ] test results are most relevant to this bid protest. The AR is void of any test results for [ ] product. Accordingly, OTI requests that the GPO supplement the AR with [ ] test results. The Government acknowledged that other contractors' test results are relevant as it included the results of [ ] an d [ ] in the AR. A mere time lapse between [ ] testing and OTI's testing does not, per se, make [ ] test results irrelevant, particularly given the allegations in the complaint regarding the [ ]. Thus, OTI respectfully requests that this Court order the Government to produce [ ] testing results.

**f) Requested Depositions**

Depositions and testimony are regularly allowed to enhance the information before the Court. See Cybertech Group v. United States, 48 Fed. Cl. 638, 651 (2001) (granting five