**AGREED-UPON REDACTED COPY**
**- MAY BE MADE PUBLIC**

**THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | |
|---|---|
| OTI AMERICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Civil Action No. 06-571-C<br>(Judge Lettow) |

**PLAINTIFF OTI AMERICA, INC.'S EMERGENCY RENEWED MOTION FOR LEAVE OF THE COURT TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

Plaintiff, OTI America, Inc. ("OTI"), by its undersigned attorney, hereby moves this Court for Leave to Supplement the Administrative Record in the above-captioned case. As grounds for this motion, OTI offers its Memorandum in Support of Plaintiff's Emergency Renewed Motion for Leave of the Court to Supplement the Administrative Record, which is being filed concurrently with this motion and attached hereto.

Electronically filed on
October 6, 2006

/s/ William M. Weisberg
William M. Weisberg
SULLIVAN & WORCESTER LLP
1666 K Street, NW
Washington, DC 20006
(202) 775-1200
(202) 293-2275 (fax)

*Counsel of Record for Plaintiff OTI America, Inc.*

Beth L. Jacobson
Joyce L. Tong
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(617) 338-2800
(617) 338-2880 (fax)

*Of Counsel for Plaintiff OTI America, Inc.*

**AGREED-UPON REDACTED COPY - MAY BE MADE PUBLIC**

TABLE OF CONTENTS

Page

I. STANDARD OF REVIEW ........ 2

II. ARGUMENT ........ 4

A. This Court Should Allow OTI's Requested Limited Deposition of Richard Grasso To Ensure Fair Adjudication of OTI's Claims, and Explain Significant Gaps and Silences in the AR As to Certain Issues. ........ 5

1. New Evidence Obtained from the Deposition of Albertha Broadnax ("Broadnax") Requires the Deposition of Richard Grasso ("Grasso") ........ 5

2. Gaps in the AR require limited questioning of Grasso regarding documents. ........ 7

B. The AR Should Be Supplemented with [ ] ........ 8

III. CONCLUSION ........ 9

**AGREED-UPON REDACTED COPY**
**- MAY BE MADE PUBLIC**

**THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

OTI AMERICA, INC.

Plaintiff,

v.

UNITED STATES,

Defendant.

Civil Action No. 06-571-C
(Judge Lettow)

## PLAINTIFF OTI AMERICA, INC.'S MEMORANDUM IN SUPPORT OF ITS EMERGENCY RENEWED MOTION FOR LEAVE OF COURT TO SUPPLEMENT THE ADMINISTRATIVE RECORD

Plaintiff, OTI America, Inc. ("OTI"), by its undersigned attorney, submits this memorandum in support of its Emergency Renewed Motion for Leave of Court to Supplement the Administrative Record ("Motion") in the above-captioned case on the basis that the Administrative Record ("AR") is incomplete and inadequate and, thus, must be supplemented with the limited deposition of [

] so that OTI may adequately present its case and for effective judicial review.

## I. STANDARD OF REVIEW

This Court has the discretion to permit supplementation of the AR. Such supplementation is necessary: (1) to help explain the agency's decision and facilitate meaningful judicial review; (2) to add relevant information that by its very nature would not be found in the agency record, information relied upon but omitted from the record, or content of conversations; and (3) to explain post-hoc rationalizations of a basis for the agency action. See Orion Int'l Techs. v. United States, 60 Fed. Cl. 338, 343-45 (2004) (granting limited discovery); Gulf

**AGREED-UPON REDACTED COPY - MAY BE MADE PUBLIC**

Group, Inc. v. United States, 61 Fed. Cl. 338, 347 (2004) (holding that limited discovery was warranted).

Although the reviewing Court should focus on the "contemporaneous" record made at the time the agency's action was taken, the Court has the power, and sometimes the obligation, to require further explanation of an agency's decision for meaningful judicial review. See Camp v. Pitts, 411 U.S. 138, 142 (1973) (if failure to explain AR would frustrate effective judicial review, may obtain testimony from agency); see also Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324 (Fed. Cir. 2001); Comprehensive Health Servs. v. United States, 70 Fed. Cl. 700, 719-20 (2006) (supplementation of the AR is appropriate if the AR does not contain sufficient information for the court to make a decision; there is no "iron-clad rule" limiting the court's review to the AR).

In a bid protest case, supplementation of the record is appropriate and required for meaningful judicial review if the contracting officer took into account information beyond that in the AR. See OTI Am., Inc. v. United States, 68 Fed. Cl. 108, 118 (2005); see also Asia Pac. Airlines v. United States, 68 Fed. Cl. 8 (2005); J.C.N. Constr. Co. v. United States, 60 Fed. Cl. 400, 404-05 n.8 (2004), aff'd, 2005 U.S. App. LEXIS 3831 (Fed. Cir. 2005) (granting limited depositions). "The administrative record is supposed to reflect the information available to the decision maker at the time the challenged decisions were made." Arch Chems., Inc. v. United States, 64 Fed. Cl. 380, 385 (2005). Deposition testimony may be the most efficient way to proceed because the depositions "may enable the Court to satisfy its statutory duty to give due regard to the need for expeditious resolution of the action."[1] Asia Pac., 68 Fed. Cl. at 18-19

[1] At this time OTI does not seek depositions into the mental processes of GPO officials. However, even if OTI were to seek such information, OTI would only be required to show either improper conduct or bad faith. See Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 420 (1971) (overturned on other grounds).

(granting supplementation of record as rationale of those who made decision to terminate was not apparent from the AR), citing Bannum, Inc. v. United States, 404 F.3d 1346, 1356 (Fed. Cir. 2005), quoting 28 U.S.C. § 1491(b)(3); see also Citizens to Preserve Overton Park, 401 U.S. at 420 (testimony of officials who participated in decision may be the only way for effective judicial review).

The agency decision, though entitled to a presumption of regularity, may be rebutted by evidence in the record that the decision was arbitrary or capricious. OTI Am., Inc., 68 Fed. Cl. 108. The burden rests on the plaintiff to show more than "innuendo or suspicion." Orion Int'l, 60 Fed. Cl. at 344. OTI need not prove its ultimate case at this stage, but must simply point to evidence "suggesting that the agency decision is arbitrary and capricious." Impresa, 238 F.3d at 1338. Here, OTI has met this burden and is entitled to a limited deposition [

.]

## II. ARGUMENT

Inadequacies in the AR make limited supplementation of the AR necessary to a fair adjudication of this dispute. The AR submitted by the Government is incomplete in areas that are relevant, material, and essential for a judicial determination. The Government Printing Office's (the "GPO") decision to eliminate OTI was arbitrary, capricious, and illegal in the following ways: (1) the GPO's decision lacked a rational basis; (2) the GPO relied on an undisclosed selection criterion; (3) the GPO did not abide by its disclosed selection criterion; (4) the GPO treated offerors differently, to the detriment of OTI, by allowing offerors with more serious problems to remain in the competition or to have additional bites of the apple; and (5) the GPO relied upon an incorrect technical evaluation of OTI's product. Fair consideration of these contentions requires the expedited, limited supplementation of the AR that OTI has requested.

**AGREED-UPON REDACTED COPY - MAY BE MADE PUBLIC**

OTI acknowledges that the Court must tailor supplementation of the AR and discovery in bid protest cases as narrowly as possible and must proceed as expeditiously as possible. For fair consideration of its claims, OTI seeks supplementation of the AR in the following ways: (1) a limited deposition of [ ]. The requested supplementation, if granted, would not alter the current briefing schedule set forth in the Joint Proposed Scheduling Order which this Court adopted.

**A. This Court Should Allow OTI's Requested Limited Deposition of Richard Grasso To Ensure Fair Adjudication of OTI's Claims, and Explain Significant Gaps and Silences in the AR As to Certain Issues.**

The AR as submitted by the Government does not allow adequate judicial review of OTI's claims. Numerous gaps explaining the elimination of OTI exist in the AR. Where the existing documentary record raises serious concerns, and either the procuring agency has failed to explain its decision adequately, or a fair consideration of the issues requires additional evidence, it is proper for a reviewing court to permit a party to supplement the record. See Impresa, 238 F.3d at 1338-39; J.C.N. Constr., 60 Fed. Cl. at 404 n.8. The plaintiff need not prove its ultimate case at this stage, but must point to evidence "suggesting that the agency decision is arbitrary and capricious." Impresa, 238 F.3d at 1338.

***1. New Evidence Obtained from the Deposition of Albertha Broadnax ("Broadnax") Requires the Deposition of Richard Grasso ("Grasso").***

In light of Broadnax', the contracting officer for this procurement, deposition testimony, OTI requests leave of this Court to take a limited deposition of the [

[2] Page: line.

[3] See, e.g., Broadnax Dep. at 44:6-13 (Question: "The ICAO standard calls for amplitude testing at three frequencies. The NIST report only reports that testing was done at two frequencies").

**AGREED-UPON REDACTED COPY**
**- MAY BE MADE PUBLIC**

]

### 2. *Gaps in the AR require limited questioning of Grasso regarding documents.*

[

.]

Accordingly, the only reasonable way to proceed – in the interest of fairness – is to permit OTI to take the limited deposition of Grasso. See Citizens to Preserve Overton Park, 401

U.S. at 420 (testimony of officials who participated in decision may be the only way for effective judicial review).

**B. The AR Should Be Supplemented with [**

[

] The requested limited discovery would provide the critical reasoning, or expose the lack thereof, that is glaringly absent from the documents created at the agency level. See Al Ghanim Combined Group Co. Gen. Trad. & Cont. W.L.L. v. United States, 56 Fed. Cl. 502, 508 (2003) ("Supplementation is appropriate when the record still has lacunae that should be filled based on the protestor's challenges") (internal quotation marks omitted).

**AGREED-UPON REDACTED COPY**
**- MAY BE MADE PUBLIC**

### C. OTI's Narrowly Tailored Requests to Supplement the Record Would Not Unduly Delay These Proceedings.

OTI shares the Court's concern over the ability to move this litigation forward rapidly. If OTI's motion is granted, and assuming the availability of witnesses, there would be no delay in the current briefing schedule on the merits. OTI has limited its request to: (1) [ ] OTI is prepared to take the depositions as soon as the Court rules on this Motion and the Government makes [ ] available. OTI would limit the deposition to the relevant subject areas (as previously identified above) that will facilitate meaningful judicial review. See Orion Int'l Techs. v. United States, 60 Fed. Cl. 338, 345 (2004). The submission of the [ ] would be submitted as an exhibit to OTI's Motion for Judgment on the Administrative Record and would not create delay.

## III. CONCLUSION

OTI has alleged in its Complaint that the GPO's decision to eliminate OTI was arbitrary, capricious, and illegal in the following ways: (1) the GPO's decision lacked a rational basis; (2) the GPO relied on an undisclosed selection criterion; (3) the GPO did not abide by its disclosed selection criterion; (4) the GPO treated offerors differently, to the detriment of OTI, by allowing offerors with more serious problems to remain in the competition or to have additional bites at the apple; and (5) the GPO relied upon an incorrect technical evaluation of OTI's product. Only the requested supplementation of the AR via (1) [ ] can reveal some of the true reasons for the GPO's elimination of OTI from the production trials. Here, OTI has demonstrated and justice requires a need to supplement the AR with the tailored discovery OTI requests.

For the reasons stated herein, OTI respectfully requests that the Court grant OTI's Emergency Renewed Motion for Leave of the Court to Supplement the Administrative Record.

**AGREED-UPON REDACTED COPY**
**- MAY BE MADE PUBLIC**

Electronically filed on
October 6, 2006

/s/ William M. Weisberg
William M. Weisberg
SULLIVAN & WORCESTER LLP
1666 K Street, NW
Washington, DC 20006
(202) 775-1200
(202) 293-2275 (fax)

*Counsel of Record for Plaintiff OTI America, Inc.*

Beth L. Jacobson
Joyce L. Tong
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(617) 338-2872
(617) 338-2880 (fax)

*Of Counsel for Plaintiff OTI America, Inc.*