**THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | |
|---|---|
| OTI AMERICA, INC., Plaintiff, v. UNITED STATES, Defendant. | Civil Action No. 06-571-C (Judge Lettow) |

**PLAINTIFF OTI AMERICA, INC.'S MOTION**
**REQUESTING THE COURT TAKE JUDICIAL NOTICE**

Plaintiff, OTI America, Inc. ("OTI"), by its undersigned attorney, hereby moves the Court to take Judicial Notice pursuant to Federal Rule of Evidence ("Fed. R. Evid.") 201(b)(2) and (f). Specifically, OTI requests that this Court take judicial notice of Subpart 15.3 of the Materials Management Acquisition Regulation ("MMAR") attached hereto as Exhibit A.[1] In support of its Motion, OTI states as follows:

1. This Court has recognized that it may take judicial notice of matters of law and public record, relying on Fed. R. Evid. 201. See Goodwin v. Sec'y of Dep't of Health & Human Serv., 27 Fed. Cl. 1, 4 n. 3 (1992); Vons Co. v. United States, 51 Fed. Cl. 1, 14 (2001) (the Court may take judicial notice of publicly-available legal documents).

2. At the September 28, 2006 hearing, in response to the Court's comment regarding the applicability of the Federal Acquisition Regulation to the Government Printing Office, the

[1] OTI did not include the entire MMAR as the volume is over 1600 pages. We have included in Exhibit A, the Table of Contents and Subpart 15 of the MMAR.

Government represented that the MMAR "is applicable to this and all GPO procurements." Hr'g Tr. 24:18-22, 104:22-24 (Sept. 28, 2006). The MMAR at Section 1-101 states: "[t]he Materials Management Acquisition Regulations System is established for the codification and publication of uniform policies and procedures for acquisition by Materials Management Service, U.S. Government Printing Office." The Solicitation also acknowledges the applicability of the MMAR to this procurement. See Administrative Record 2005 at 148 ("the [MMAR] is applicable to this, and all GPO procurements.").

3. Pursuant to Fed. R. Evid. 201(b)(2), this Court may take judicial notice of a fact that is not subject to reasonable dispute in that it is "capable of accurate and ready determination by resort to sources who accuracy cannot reasonably be questioned."

4. As the Government itself acknowledged that the MMAR applies to this procurement, the MMAR is relevant to this procurement and is not subject to reasonable dispute. Furthermore, as a published regulation by the GPO, the accuracy of Exhibit A, the MMAR, cannot reasonably be questioned.

5. OTI's request is timely as "[j]udicial notice may be taken at any stage of the proceeding." Fed. R. Evid. 201(f).

Wherefore, Plaintiff, OTI, requests that this Court take judicial notice of the MMAR, specifically Subpart 15.3 related to Source Selection.

Respectfully submitted,

OTI AMERICA, INC.

By its attorneys,

/s/ William M. Weisberg
William M. Weisberg
SULLIVAN & WORCESTER LLP
1666 K Street, NW
Washington, DC 20006

Electronically filed on
October 6, 2006

(202) 775-1200
(202) 293-2275 (fax)

*Counsel of Record for Plaintiff OTI America, Inc.*

Beth L. Jacobson
Joyce L. Tong
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(617) 338-2872
(617) 338-2880 (fax)

*Of Counsel for Plaintiff OTI America, Inc.*