**Agreed-Upon Redacted Copy –**
**May Be Made Public**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| OTI AMERICA, INC. | ) | |
| Plaintiff, | ) | No. 06-571C **(Bid Protest)** (Judge Lettow) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**EMERGENCY RENEWED MOTION FOR LEAVE**
**OF COURT TO SUPPLEMENT ADMINISTRATIVE RECORD**

Pursuant to Rule 26 of the Court's Rules and the Court's order of September 13, 2006, defendant, the United States, respectfully submits this response to the "Emergency Renewed Motion for Leave of Court to Supplement Administrative Record" filed by plaintiff, OTI America, Inc. ("OTI"). As we demonstrate below, OTI's motion should be denied because it has failed to meet its heavy burden that discovery is warranted.

## I. This Case Should Be Decided Based Upon The Administrative Record

The Court possesses jurisdiction to entertain this action pursuant to the bid protest jurisdiction of the Tucker Act, 28 U.S.C. § 1491(b)(1). Section 1491(b)(4) requires the Court to "review the agency's decision pursuant to the standards set forth in section 706 of Title 5," the Administrative Procedure Act ("APA").

As we explained in our opposition to OTI's first attempt to supplement the administrative record ("AR"), the APA does not permit the Court to undertake a de novo review of agency action, but rather limits the Court to a consideration of whether the action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," based solely upon the record before the agency. 5 U.S. C. §§ 702, 706(2)(A). In reviewing agency action pursuant to this deferential standard, "'the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985) (quoting Camp v. Pitts, 411 U.S. 138, 142 (1973)).

Limiting judicial review of agency action to the administrative record reflects the ultimate standard of review under the APA, which presumes the validity of agency action and precludes the judiciary from substituting its judgment for that of the agencies entrusted by Congress to implement and administer various governmental programs. See e.g., Vermont Yankee Nuclear Power Corp. v. Natural Resources Defense Council, Inc., 435 U.S. 519, 557-58 (1978). "'To permit an administrative determination to be attacked or supported in court by new evidence,' the Supreme Court admonished, 'would substitute the court [for] the administrative tribunal . . . .'"

Therefore, in determining whether to look outside of the record for an explanation of an agency decision, the Court must start its analysis with the presumption of regularity that attaches to agency decision-making. See Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324, 1338 (Fed. Cir. 2001) ("Because of that presumption of regularity, the agency should not be required to provide an explanation unless that presumption has been rebutted by

record evidence suggesting that the agency decision is arbitrary and capricious. The litigant challenging that presumption necessarily bears a heavy burden.") (citation and footnote omitted).

Although the court in Impresa allowed the taking of one limited deposition to obtain an explanation for the contracting officer's determination, it noted that "[t]his is a most unusual case." Id. at 1341. As the court expressly cautioned: "[W]e wish to make clear that we are not ordering a deposition into the contracting officer's mental process, that is, the thought process by which he made his decision. Such inquiries are inappropriate." Id. at 1329. Emphasizing the point, the court further stated, "we wish to emphasize that such discovery of the contracting officer's reasoning is not lightly to be ordered and should not be ordered unless record evidence raises serious questions as to the rationality of the contracting officer's . . . determination." Id. at 1340-41.

## II. OTI Has Failed To Meet Its Heavy Burden For The Requested Discovery

As explained above, the issue before the Court is whether OTI has made a sufficiently strong preliminary showing that the decision of the Government Printing Office ("GPO") to [ ] was arbitrary or capricious in order to justify supplementing the administrative record. [ ].

OTI misperceives the law and the facts. OTI suggests it need only point to evidence suggesting that the agency's decision was arbitrary and capricious to justify depositions. Pl. Br. at 5. OTI's position is a distortion of the Impresa decision it cites. OTI ignores the undeniable instruction of Impresa, that it has a heavy burden to demonstrate the need for any

supplementation of the record, and that courts simply should not do so except in the "most unusual" circumstances such as in that case. Here, there is nothing unusual and any suggestion by OTI that it can identify an arbitrary or capricious basis for GPO's decision is obviously contradicted by the record reflecting that the decision was based upon tests by an independent third party. Such a situation is the antithesis of arbitrary and capricious.

Moreover, OTI further ignores <u>Impresa</u> to argue that it may freely explore the mental processes of the GPO contracting officer technical representative. Pl. Br. at 3, n.1; 7 ("OTI seeks to depose Grasso to gain an understanding as to (a) how he interpreted the NIST test results; (b) what he considered to come to his conclusions and recommendations . . ."); 8 ("requested limited discovery would provide the <u>critical reasoning</u> . . .") (emphasis added). The Federal Circuit instructed that "such inquiries are inappropriate." <u>Impresa</u>, 238 F.3d at 1339.

This is especially true here, where OTI's request to supplement the record is premised upon not a gap in the record of the decision, but rather its arguments. Indeed, a review of the administrative record reveals the transparent, rational basis for the GPO's decision – [

], an independent agency, as reflected in the test report provided to GPO by NIST. <u>See</u> AR at 188-297.

In view of the foregoing standards, OTI has not met its "heavy burden" to justify deposing Richard Grasso. Additionally, the Test & Evaluation Plan ("TEMP") is irrelevant because it was not considered by the contracting officer in determining that OTI had failed to submit a product that met the Solicitation's requirements. Moreover, the TEMP is already a part of the administrative record. Thus, OTI's motion should be denied.

### A. The Administrative Record Contains All Materials Required By This Court's Rules

This case does not present the special circumstances in Impresa, i.e., an explanation for the contracting officer's action was not apparent from the record. 238 F.3d at 1337. The record before the Court contains the information necessary for the Court to ascertain the basis for the contracting officer's decision challenged by OTI. Moreover, OTI has already had the opportunity to depose the contracting officer ("CO"), Albertha Broadnax, regarding her decision as to OTI in accordance with the Court's ruling from the bench on OTI's previous motion to supplement the administrative record. Sept. 6, 2006 Tr. 63-64. Despite this fact and the Court's denial of OTI's previous request to depose the Contracting Officer's Technical Representative ("COTR"), Richard Grasso, OTI again seeks to depose Mr. Grasso on a variety of topics. Pl. Br. at 7. However, as indicated above, augmenting the administrative record through depositions is the exception, and not the rule. See also Stapp Towing Inc. v. United States, 34 Fed. Cl. 300, 307-08 (1995) (discovery outside the administrative record is the exception rather than the rule in bid protests).

#### 1. OTI's Request To Supplement The Administrative Record With The TEMP Should Be Denied As Moot

As indicated above, OTI seeks to supplement the administrative record with the addition of the TEMP because OTI claims that the GPO "failed to include the TEMP in the AR" and because the "absence of the TEMP renders the NIST Report incomplete." Pl. Br. at 8. To support this claim OTI cites to the last page of the NIST report which states: "TEMP sections: Item TEMP sections: Items 27, 79, 107, 125." This is the sole justification for OTI's claim that the NIST report is incomplete.

First, OTI's request should be denied as moot because the TEMP to which OTI refers is already a part of the administrative record. Indeed, it can be found at pages 279 to 373 of the administrative record from the previous related case, which was incorporated into the administrative record of this case by agreement of the parties at the suggestion of the Court. August 9, 2006 Tr. 38.

Second, the TEMP was an internal document created by the Department of State ("DoS") to track the testing of the numerous contract participants during the various phases of testing. This document does nothing more than list the tests to be performed by the different parties involved, i.e., GPO, DoS, and NIST, and sources those tests to the Solicitation. Accordingly, contrary to OTI's claim, the NIST test report is not incomplete. Indeed, it stands alone and fully supports the testing that was conducted and the objective results from that testing.

**2. OTI's Request To Depose Richard Grasso Should Be Denied**

OTI seeks to depose Richard Grasso, regarding "how he interpreted the NIST test results," "what he considered to come to his conclusions and recommendations," and alleged "gaps and silences in the administrative record." Pl. Br. at 7. These are the identical areas upon which OTI originally sought to depose Mr. Grasso. This Court denied that request. OTI's latest request is premised upon the testimony of Ms. Broadnax who testified, among other things, that she "did not personally observe any of the test results or testing" at NIST and that she "did not give NIST a copy of the Solicitation." Pl. Br. at 6.[1] Neither this testimony nor any other testimony by Ms. Broadnax justifies OTI's request to depose Mr. Grasso.

[1] Richard Grasso also did not attend the actual testing conducted by NIST, and a copy of the Solicitation was provided to NIST by DoS.

Despite OTI's claim to the contrary, it is plain to see upon the face of Mr. Grasso's report how he came to his conclusions and recommendations to the CO – he did so based upon all of the test results, including the NIST test results. AR 188-297. His report (AR 129-303) is unambiguous and is derived directly from the NIST test report. Additionally, there are no unexplained "gaps or silences in the AR" which would necessitate a deposition. Pl. Br. at 7. [ ], as fully supported by the thorough and detailed NIST test results, does not alone create a "gap" or "silence" in the administrative record.[2]

Finally, as we explained in our opposition to OTI's original motion to supplement the administrative record, there is no missing e-mail correspondence as alleged by OTI. Pl. Br. at 7. Moreover, the e-mail messages in question are from December 2005 and January 2006, both more than six months prior to OTI's [ ], and there is no relation between these e-mail messages and [ ]. Thus, the alleged "gaps and silences in the AR with respect to e-mail correspondence" (id.) are irrelevant to the Court's review of the [ ] and can not serve as justification for supplementing the administrative record with the deposition of Richard Grasso.[3]

Because the record contains the information that GPO used in making its decision in this matter, the proper response to OTI's bid protest is not to add additional deposition testimony or documentation to that record, but simply to weigh the information already in the record in order

---

[2] OTI's claim that "there are many instances where NIST did not abide by the evaluation criteria in the Solicitation or the ICAO standards" is unsupported. Pl. Br. at 6, n.3. Indeed, the applicable standards suggest only testing two standards – those tested by NIST.

[3] Mr. Grasso will be unavailable from September 25 through October 29, 2006, as he will be in Austin, Texas and Japan for Solicitation-related matters.

to determine whether the GPO's decision to eliminate OTI from further contract awards complied with APA standards, i.e., whether it was rationally based. In this instance, given the present administrative record, there can be no doubt that it was indeed rational.

**CONCLUSION**

For the reasons stated above, we respectfully request that the Court deny OTI's motion for leave of the Court to supplement the administrative record. Not only should the Court deny OTI's request to depose Richard Grasso, it should deny OTI's request to supplement the administrative record with the TEMP as moot.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Donald E. Kinner

DONALD E. KINNER
Assistant Director

s/Richard B. Evans

RICHARD B. EVANS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Tele: (202) 353-7760
Fax: (202) 305-7643

OF COUNSEL:
JENNIFER R. SEIFERT
Assistant General Counsel
Government Printing Office

October 6, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on October 6, 2006, an agreed-upon redacted copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S EMERGENCY RENEWED MOTION FOR LEAVE OF COURT TO SUPPLEMENT ADMINISTRATIVE RECORD " was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Richard B. Evans